**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LUCIO ABEL, Inmate #R15681,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  05-264-GPM** |
| | ) | |
| **MARK PIERSON, J. BELFORD,** | ) | |
| **B. JOHNSON, LT. L. BRADLEY, and** | ) | |
| **UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Before dealing with the merits of Plaintiff's claims, the Court will address Plaintiff's motion to amend his complaint (Doc. 7).  Plaintiff asks the Court to add to the instant action claims of deliberate indifference to his serious medical needs against administrators and health care personnel at Logan Correctional Center.  Logan Correctional Center is located in the Central District of Illinois.  Although Federal Rule of Civil Procedure 15(a) allows a Plaintiff to amend a pleading "when justice so requires," to do so in this case would be improper.  The claims Plaintiff is attempting to add are wholly unrelated to the original complaint, as they describe events that occurred at a different correctional facility in another federal judicial district.  Accordingly,

Page 1 of 6

Plaintiff's motion to amend his complaint (Doc. 7) is **DENIED**.  If Plaintiff wishes to have these claims heard in federal court, he must file a new case in the proper judicial district.

*Merits Review*

Plaintiff, who does not speak, read, or write English well, states that on August 13, 2003, several unknown corrections officers entered his cell while he was sleeping.  One officer strangled him with wire and another covered his head with a blanket.  Plaintiff lost consciousness and later awakened on the floor of his cell.  As a result of the attack, Plaintiff had "burns" on his arm and cuts and bruises on his neck.  Plaintiff requested medical help from the corrections officers in the unit, but they refused help.  One officer, Defendant B. Johnson, told Plaintiff to "shut up, Mexican!"  A few hours later, Plaintiff saw a nurse distributing medications to other prisoners.  He banged on the door of his cell and yelled to get her attention.  Upon seeing Plaintiff's injuries through the cell door, the nurse ordered a corrections officer to open the cell, and she entered to treat Plaintiff's injuries. On the nurse's orders, Plaintiff was taken to the Health Care Unit for further treatment.  Plaintiff states that while he was in the health unit he asked for a translator, but Defendant L. Bradley told Plaintiff there was not one available.  A person came forward claiming he could speak Spanish, but Plaintiff had a difficult time understanding him, except for the phrases "how much money do you want" and "do you want to get transferred to another facility?"

Plaintiff further states that after he was returned to his cell, corrections officers and other prison employees, including Defendant J. Belford, began retaliating against him by refusing to serve him meals, banging on his cell at night when he was sleeping, and yelling at him.  Plaintiff submitted grievances regarding the incident and his subsequent treatment, and later two detectives from Springfield spoke with him regarding the attack.  Plaintiff states that the detectives became angry

when he refused to answer their questions, many of which he could not understand because of his limited command of English. Plaintiff believes the detectives were "working for the institution to intimidate me." Plaintiff states that he continues to fear another attack by corrections officers.

Plaintiff's allegations state claims of excessive force and retaliation. These claims cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Summary and Conclusion*

A word about the named Defendants is in order. Plaintiff names former Pinckneyville Correctional Center Warden Mark Pierson as a defendant, however, he does not make any specific allegations against him.

> In order to recover damages against a state actor under § 1983, a plaintiff must show the actor was "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)).

*J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Plaintiff has not stated that Pierson was in any way responsible for the constitutional deprivations alleged by Plaintiff. Accordingly, Defendant Mark Pierson is **DISMISSED** from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for the unknown defendants within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **THREE (3)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **J. Belford, B. Johnson, and L. Bradley**. The Clerk shall forward those forms, USM-285 forms

submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **J. Belford, B. Johnson, and L. Bradley** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of the Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, I.D.O.C. shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  10/25/05


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge